JACOB LUBLINER, Appellant, *v.* TIFFANY & COMPANY, Respondent.

*False imprisonment — scope of the duties of a general superintendent of a corporation which offers a reward for jewelry lost by a customer — it does not extend to making an affidavit for the arrest of a person to whom the jewelry has been sold.*

In an action brought to recover damages for an alleged false imprisonment, it appeared that the defendant, a corporation, was in the habit of offering rewards for property lost by its customers; that one Pugh applied for such a reward and stated that he had found certain jewelry of a customer of the defendant and had sold it to the plaintiff; that in company with Pugh the general superintendent of the defendant went to a police magistrate and made an affidavit upon which the police magistrate issued a warrant on which the plaintiff was arrested. It further appeared that the defendant had committed the charge of matters relating to jewelry for which it offered a reward to an employee who occupied a somewhat independent position and was not under the supervision or control of the general superintendent.

*Held*, that in making the affidavit the general superintendent did not act within the scope of his general or implied authority, and that the defendant was not liable for such act.

APPEAL by the plaintiff, Jacob Lubliner, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 1st day of May, 1900, upon the dismissal of the complaint by direction of the court after a trial before the court and a jury at the New York Trial Term.

*Charles G. F. Wahle*, for the appellant.

*Charles E. Miller*, for the respondent.

INGRAHAM, J.:

The complaint in this action alleged facts sufficient to sustain an action for false imprisonment and malicious prosecution. Upon the trial the plaintiff elected at the request of the defendant to proceed upon the charge of false imprisonment. The plaintiff then called as a witness one Ralph M. Hyde, who swore that he was employed by Tiffany & Co., the defendant corporation, as superintendent; that his duties were general, superintendent of the administration of the house, seeing that the rules and regulations were carried out in the house; that looking after lost jewelry was not particularly his business; that if such jewelry was the corporation's property it was then his business to look after it; that Tiffany & Co. were in the habit of offering rewards for property lost by their customers, but that a Mr. Hite was in charge of matters referring to jewelry for which the defendant offered a reward; that Hite was not under the supervision of the witness, but had rather an independent position and did not report to the witness, and except in the case of general orders was not subject to the orders of the witness; that a reward was offered by the defendant for the return of certain property which had been lost by one of its customers, and that in answer to an advertisement for the return of such property, one Pugh applied to the defendant and stated that he had found the property; that plaintiff had told Pugh that the stones in one piece of the jewelry were paste and he had sold it to the plaintiff for one dollar and ten cents. In company with Pugh the witness then went to a police magistrate and made an affidavit upon which the police magistrate issued a warrant for the arrest of the plaintiff. Upon this warrant the plaintiff was held and subsequently indicted by the grand jury, which indictment was dismissed upon the statement of the district attorney that Pugh, who was the principal witness, could not be found. There is nothing to show that Hyde did anything more than appear before the magistrate and make this affidavit. He had nothing to do with the issuing of the warrant, or with its execution, and the only evidence that tends to connect him with it is the fact that in company with Pugh he appeared before the magistrate and made this affidavit.

It is not necessary to determine upon this appeal whether or not the facts stated in the affidavit were sufficient to justify the magis-

trate in issuing the warrant, as we do not think that the defendant is liable for the action of Hyde in making this deposition. Hyde was not acting within any general or implied authority conferred upon him by the defendant. The property alleged to have been stolen was not the property of the defendant nor property in which it had any interest. So far as appears, it was not the duty of Hyde to protect or recover this property. The fact that at the request of a customer the defendant had offered a reward for the return of the property did not, so far as appears, give the defendant an interest in the recovery of the property which made it the duty of their employees to take proceedings for its recovery or the punishment of those who had stolen it. As superintendent of the defendant's store, Hyde had charge of the defendant's property located there, and as such undoubtedly would be authorized to take proceedings to recover any property stolen from it; but there is nothing to show that it was any part of his duty or that he was authorized, either expressly or by implication, to commence criminal proceedings against persons who had stolen property from the defendant's customers when such thefts were not committed upon the defendant's premises. The plaintiff is seeking to charge the defendant, a corporation, with liability for an imprisonment based upon a warrant issued by a police magistrate. To hold the defendant liable it was necessary to prove that the person who procured the warrant was acting within the scope of the authority conferred upon him by the defendant. In this case Hyde had no authority from the defendant under which he would have been authorized to make a complaint against a person who had committed an offense not connected with the defendant's business or property. In making this charge against the plaintiff he was not protecting or endeavoring to recover possession of any of the defendant's property, and the charge itself had no relation to any interest of the defendant which he was authorized to protect. We think the case comes within the principle established in *Mulligan* v. *N. Y. & R. B. R. Co.* (129 N. Y. 511). It there appeared that a ticket agent of the defendant railroad received from the plaintiff a five-dollar bill for a ticket upon the road and then procured the arrest of the plaintiff, charging that the bill furnished was counterfeit; that the agent knew that the bill was counterfeit and received it for the

purpose of entrapping the plaintiff, who the agent believed was committing the crime of passing counterfeit money. The court held that where a ticket agent of a railroad " deliberately takes from a person applying to purchase a ticket, what he believes to be a counterfeit five-dollar bill, not, of course, in good faith or in the regular and ordinary course of his business, but for the purpose of aiding the police in the detection of criminals, and then immediately directs the arrest of the person from whom he took the bill, such an act on his part is not binding on his principal ; " that " the defendant, as a citizen, might, with perfect propriety, render to the police such services as he could in procuring the detection and arrest of persons engaged in passing counterfeit money, but it does not follow that all his acts in that respect are binding on the defendant." Here the charge that was made was that the plaintiff had committed a crime in relation to the property of a third person in the recovery of which the defendant had no interest. Nothing is shown that would suggest that Hyde had any authority from the defendant to make a criminal charge in such case, and the act of Hyde, therefore, was not within the authority conferred upon him by the defendant, or in the prosecution of its business, and for any act on the part of Hyde in relation to the plaintiff's arrest the defendant was not liable.

It follows that the complaint was properly dismissed and the judgment is affirmed, with costs.

Patterson, O'Brien and Hatch, JJ., concurred ; Van Brunt, P. J., concurred in result.

Judgment affirmed, with costs.